JS 44C/SDNY
REV. 12/2005

# CIVIL COVER SHEET

**08 CV 3072**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS** JOSE CRUZ

**DEFENDANTS** H.E.L.P. USA, INC, MARIA CUOMO COLE, LAURENCE BELINSKY, AZALIA MATOS-BONILLA, JOSEPH GALLO, FREDRICK GOODHARTZ and THOMAS MAURO

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Hawthorne Law Firm, LLC
594 Grand Concourse, Suite 1, Bronx, New York 10451
(718) 665-0050

**ATTORNEYS (IF KNOWN)**
Unknown

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 1331 and the Civil Rights Act of 1991, 42 U.S.C. Sections 1981, 1981a, , 1983, 1985, 1988

Has this or a similar case been previously filed in SDNY at any time? No [X]  Yes? [ ]  Judge Previously Assigned _____

If yes, was this case Vol [ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]   If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)        NATURE OF SUIT

                                              ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 246 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ] 441 VOTING
[x] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

MAR 26 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $_____  OTHER _____  JUDGE _____  DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)  **ORIGIN**

[x] 1 Original Proceeding
[ ] 2a. Removed from State Court
[ ] 2b. Removed from State Court AND at least one party is a pro se litigant
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)  **BASIS OF JURISDICTION**  IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

Jose Cruz
2020 Grand Concourse, 6L
Bronx, New York 10457
County of Bronx

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

H.E.L.P. USA, INC.
5 Hanover Square
New York, New York

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

| Maria Cuomo Cole | Laurence Belinsky | Azalia Matos Bonilla | Joseph Gallo | Fredrick Goodhartz | Thomas Mauro |
|---|---|---|---|---|---|
| 5 Hanover Square | 5 Hanover Square | 5 Hanover Square | 5 Hanover Sq. | 5 Hanover Square | 5 Hanover Sq. |
| New York, NY | New York, NY | New York, NY | New York, NY | New York, NY | New York, NY |
| (Business Addr) | (Business Addr) | (Business Addr) | (Business) | (Business Addr) | (Business Addr) |

Check one: THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] FOLEY SQUARE
(DO NOT check either box if this is a PRISONER PETITION.)

DATE 3/21/08   SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. March Yr. 2008)
Attorney Bar Code # KH1965

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

# UNITED STATES DISTRICT COURT

Southern District of New York

| | |
|---|---|
| JOSE CRUZ, | SUMMONS IN A CIVIL ACTION |
| Plaintiff, | |
| V. | |
| H.E.L.P. USA, INC., MARIA CUOMO-COLE, LAURENCE BELINSKY, AZALIA MATOS-BONILLA, JOSEPH GALLO, FREDRICK GOODHARTZ and THOMAS MAURO, | CASE NUMBER: 08 CV 3072<br><br>JUDGE CROTTY |
| Defendants. | |

TO:   H.EL.P. USA, INC.        Maria Cuomo-Cole        Laurence Belinsky        Joseph Gallo
      5 Hanover Sq.            5 Hanover Sq.           5 Hanover Sq.            5 Hanover Sq.
      New York, NY             New York, NY            New York, NY             New York, NY

      Fredrick Goodhartz       Thomas Mauro            Azalia Matos-Bonilla
      5 Hanover Sq.            5 Hanover Sq.           5 Hanover Sq.
      New York, NY             New York, NY            New York, NY

**YOU ARE HEREBY SUMMONED** and required to serve on Plaintiff's Attorneys:

HAWTHORNE LAW FIRM, LLC.
594 Grand Concourse, Suite 1
Bronx, New York 10451

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                    MAR 2 6 2008
_____                       _____
CLERK                                                 DATE

_[signature: Marcos Quintero]_
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
                   Date                          Signature of Server

                                                               Address of Server

AO 440 (Rev. 8/01) Summons in a Civil Action

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

Southern District of New York



| | |
|---|---|
| JOSE CRUZ, | SUMMONS IN A CIVIL ACTION |
| Plaintiff, | |
| V. | 08 CV 3072 |
| H.E.L.P. USA, INC., MARIA CUOMO-COLE, LAURENCE BELINSKY, AZALIA MATOS-BONILLA, JOSEPH GALLO, FREDRICK GOODHARTZ and THOMAS MAURO, | CASE NUMBER: JUDGE CROTTY |
| Defendants. | Jury Trial Requested |

Plaintiff, **JOSE CRUZ**, by his attorneys, **HAWTHORNE LAW FIRM, LLC.**, alleges and complains of the defendants as follows:

## 1. JURISDICTION AND VENUE

1.1   This is an action arising under the laws of the United States of America, in particular Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1331, and the Civil Rights Act of 1991, 42 U.S.C. §§ 1981, 1981a, 1983, 1985 and 1988.

1.2   The jurisdiction of this court is invoked pursuant to the provisions of 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law, and the general civil rights jurisdictional provisions of 28 U.S.C. § 1331 and 1343(a)(4).

1.3   Claims also are stated under the common law of the State of New York; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131.

1.4   The supplemental jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

1.5   Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, all Defendants regularly conduct business and where all the wrongful conduct occurred.

## 2. NATURE OF ACTION AND RELIEF SOUGHT

2.1   This is an employment discrimination case by an employee alleging a continuing series of discriminatory conduct against himself and others because of race and nationality and because of his having testified and assisted in an unlawful discrimination complaint filed with the EEOC and participated in proceedings to protest such unlawful discrimination.

2.2   This also is an action under the common law of the State of New York for breach of contract, promissory estoppel, negligence and intentional infliction of emotional distress, conspiracy and claims under the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131.

2.3   Plaintiff seeks a declaration that the acts of the defendants intentionally and unlawfully discriminated against him because of his race and national origin and in retaliation for opposing such and other discrimination, appropriate injunctive relief, lost pay, compensatory and punitive damages.

2.4   Plaintiff additionally, and independently, seeks appropriate injunctive relief and compensatory and punitive damages against the corporate and individual defendants.

## 3. PARTIES

3.1   JOSE CRUZ, plaintiff, is an adult male citizen of the United States and the State of New York, who is more than 40 years of age, a resident of Bronx County, New York of Puerto Rican descent, and at all times material to this action and at the present time was and is an employee in H.EL.P. USA.

3.2   Defendant, H.E.L.P USA, INC., a publicly and privately funded not-for-profit company founded by Andrew Cuomo in 1986, is one of the largest builders and operators of transitional and low-income permanent housing in the nation with an annual budget of $53,958,511 (in 2006).

3.3   Defendant Maria Cuomo-Cole is the Chair of the Board of H.E.L.P USA, INC. Service upon her may be had by serving her at H.E.L.P. USA, INC. at 57 Hanover Square, 17th Floor, New York, New York 1004.

3.4   Defendant Laurence Belinsky is the President and CEO of H.E.L.P USA, INC. Service upon him may be had by serving him at H.E.L.P. USA, INC. at 57 Hanover Square, 17th Floor, New York, New York 1004.

3.5   Defendant Azalia Matos-Bonilla is the Senior Vice President of Human Resources of H.E.L.P USA, INC. Service upon her may be had by serving her at H.E.L.P. USA, INC. at 57 Hanover Square, 17th Floor, New York, New York 1004.

3.6     Defendant Joseph Gallo is the Senior Vice President of Finance/CFO of H.E.L.P USA, INC. Service upon him may be had by serving him at H.E.L.P. USA, INC. at 57 Hanover Square, 17th Floor, New York, New York 1004.

3.7     Defendant Fredrick Goodhartz is the Director of Materials Management of H.E.L.P USA, INC. Service upon him may be had by serving him at H.E.L.P. USA, INC. at 57 Hanover Square, 17th Floor, New York, New York 1004.

3.8     Defendant Thomas Mauro is the Senior Vice President of Operations of H.E.L.P USA, INC. Service upon him may be had by serving him at H.E.L.P. USA, INC. at 57 Hanover Square, 17th Floor, New York, New York 1004.

## 4. FACTS

4.1     Defendants have maintained, acquiesced in the maintaining of, or failed to take appropriate required action to eliminate a general and consistent pattern and practice of racial discrimination by executives, managers and supervisors against Hispanic and Black employees.

4.2     Such pattern and practice has been consistently manifested for at least the five years preceding the filing of plaintiff's administrative complaint by the following acts and others:

4.2.1   Hispanic and Black employees being denied advancement, promotions, equal pay and raises, inconsistent with applicable personnel practices and regulations.

4.2.2   Hispanic and Black employees being subjected to unwarranted criticism and disparagement of their work by executives, managers and supervisors.

4.2.3 Executives, managers and supervisors subjecting Hispanic and Black employees to harsh and unreasonable performance standards not generally applied and non White employees.

4.2.4   Hispanic and Black employees being subjected to direct and indirect threats and harassment at work by executives, managers and supervisors.

4.2.5   Abuse of authority by executives, managers and supervisors to subject Hispanic and Black employees to humiliation, embarrassment and invasion of their privacy.

4.2.6   Executives, managers and supervisors subjecting Hispanic and Black employees to harsher discipline than accorded White employees for the same or comparable alleged misconduct.

4.2.7   Retaliating against employees for protesting discrimination, testifying, assisting, or participating in an investigation, proceeding, or hearing relating to charges of discrimination.

4.3     Consistent with and pursuant to that general policy and practice, plaintiff was discriminated against because of his race and nationality and for retaliation in the following respects:

4.3.1   Plaintiff JOSE CRUZ was hired by H.E.L.P. USA, INC. as a Recreation Coordinator in or around June 1994 and became Warehouse Manager in 1996.

4.3.1   In September 2005, plaintiff, along with another employee Timothy Wilks who is Black, was terminated without notice or warning when the warehouse was suddenly closed.

4.3.2   Shortly thereafter, plaintiff's former co-worker Timothy Wilks filed a complaint of racial discrimination with the Equal Employment Opportunity Commission, wherein plaintiff was named as a witness regarding H.E.L.P. USA, INC.'s pervasive and ongoing pattern of discrimination.

4.3.3   Around March 2006, plaintiff JOSE CRUZ was offered a position and rehired as Safety Supervisor by H.E.L.P. USA, INC. The duties associated with that position were completely different and unrelated to plaintiff's previous position at H.E.L.P. USA, INC. as Warehouse Manager.

4.3.4   In April 2006, plaintiff was summoned to H.E.L.P. USA, INC.'s Corporate Office for an interview regarding his former co-worker Timothy Wilks' discrimination charges.

4.3.5   Just before the meeting, plaintiff was approached by the President and CEO of H.E.L.P. USA, INC., Laurence Belinsky, who told plaintiff that they would be "looking out for [him]" and "being a team player would lead to better opportunities for [him] with the company".

4.3.6   During the April 2006 interview, plaintiff testified candidly and truthfully about the pervasive racial discrimination he personally observed at H.E.L.P. USA, INC. generally, and against Mr. Wilks and plaintiff in particular.

4.3.7   Since that time, plaintiff has been denied promotions, advancement, raises, vacation and personal days, inconsistent with applicable policies and procedures and in violation of his rights under the law.

4.3.8   Around August 2006, H.E.L.P. USA, INC. advertised for the position of Purchasing Clerk and plaintiff immediately submitted his resume along with an application. The duties of Purchasing Clerk were much more similar to plaintiff's previous job as Warehouse Manager.

4.3.9   Plaintiff also contacted the Purchasing Department Manager Fredrick Goodhartz to inquire whether he received plaintiff's resume to which Mr. Goodhartz responded sarcastically, "Have you spoken with Timothy Wilks lately?"

4.3.10  Plaintiff later learned from several employees at H.E.L.P. USA, INC. that plaintiff was never even considered for the position of Purchasing Clerk "because of [his] relationship with Timothy Wilks."

4.3.11  Within weeks of the April 2006 discrimination related interview, plaintiff was transferred from the evening (4 p.m. to 12 a.m.) shift to night duty (12 a.m. to 8 a.m.).

4.3.12  A few months later, around October 2006, plaintiff was transferred from the Crotona site to the most difficult and problematic site, the Morris facility.

4.3.13  On November 12, 2006, November 24, 2006 and December 8, 2006, and at other times, plaintiff was denied requests for personal and/or vacation time, inconsistent with applicable policies and procedures.

4.3.14  In November and December 2006, and at other times, plaintiff was harassed by a supervisor while on duty.

4.3.15  On November 12, 2006, November 24, 2006 and December 8, 2006, and at other times, plaintiff was harassed by a supervisor while on sick leave.

4.3.16  In February 2008, plaintiff was harassed for failing to attend meetings scheduled during the middle of the day when he was working night shifts.

4.3.17  On each of the above-referenced occasions, plaintiff received written disciplinary warnings and verbal reprimands.

4.3.18  In July 2006 and June 2007, plaintiff received unfavorable performance reviews, inconsistent with applicable policies and procedures.

4.4    The above specified acts and others constituted a continuing pattern of conduct which created an offensive and hostile working environment and interfered with the plaintiff's ability to perform his assigned duties.

4.5    Plaintiff complained of the acts against him, but could obtain no relief.

4.6    Based on additional information and counsel obtained by the plaintiff, plaintiff reasonably concluded in February, 2007, that the conduct constituted a continuing violation of his rights to be free from discrimination in the terms and conditions of his employment because of his race and nationality.

4.7    On or about February 22, 2007, plaintiff filed formal Charges with the New York State Commission on Human Rights-Equal Employment Opportunity Commission (E.E.O.C. Charge Number 520-2007-02019), in accordance with the applicable regulations.

4.8    On or about January 3, 2008, plaintiff received notice from the U.S. Equal Employment Opportunity Commission that plaintiff's complaint was dismissed, that no further action would be taken with respect to the charges and issued plaintiff a Notice of Right to Sue dated December 27, 2007.

4.9     The dismissal of the complaint constituted a final agency administrative action with respect to plaintiff's complaint.

4.10    This suit is being brought within 90 days of the receipt by plaintiff of notice of such final agency administrative action with respect to plaintiff's formal complaint.

4.11    Plaintiff has complied with all administrative prerequisites to the filing of this action.

4.12    The continuing course of defendants' conduct as set forth, above, proximately has damaged plaintiff by increased inconvenience and expense in performing his assigned duties, by depriving plaintiff of opportunities for professional advancement and higher pay, by subjecting the plaintiff to humiliation and emotional distress, by damaging plaintiff's personal reputation, by damaging plaintiff's professional reputation, and by adversely affecting plaintiff's earning capacity.

4.13    Defendant has acted and continues to discriminate and retaliate against the plaintiff because of plaintiff's race and nationality and plaintiff's opposition to such discrimination and participation in the administrative process to end such discrimination, with malicious intent and in reckless disregard of plaintiff's rights.

4.14    Plaintiff was required to obtain the services of the undersigned attorney and his law firm to protect and vindicate the rights to equal employment opportunity secured to plaintiff by law.

## 5. FIRST CLAIM FOR RELIEF
## EMPLOYMENT DISCRIMINATION AND RETALIATION

5.1     Defendant has discriminated against plaintiff in the terms and conditions of plaintiff's employment because of plaintiff's race and nationality, and because plaintiff opposed unlawful discrimination by defendant, and because plaintiff participated in the administrative process of enforcing the prohibitions against employment discrimination, all in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131.

## 6. SECOND CLAIM FOR RELIEF
## BREACH OF CONTRACT/PROMISSORY ESTOPPEL
## against Defendant H.E.L.P. USA, INC.

6.1     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

6.2     Defendant H.E.L.P. USA, INC. promulgated express and written statements of employment policies, practices and procedure which it provided and disseminated to all of its employees, including plaintiff JOSE CRUZ.

6.3     Defendant H.E.L.P.USA, INC. represented both orally and in writing, that it would treat employees in a specific, fair and equitable manner. Specifically, defendant H.E.L.P.USA, INC. promulgated a policy that no person shall be discriminated against in employment because of the individual's race, color, creed, marital status, religion, political belief, gender sexual orientation, age, national origin, citizenship status or disability.

6.4     Defendant H.E.L.P.USA, INC. further represented, promised and/or implied both orally and in writing that all personnel actions such as compensation, benefits transfers, layoffs, agency-sponsored training, education, and social/recreation programs, would be administered without regard to race, color, creed, marital status, religion, political belief, gender sexual orientation, age, national origin, citizenship status or disability.

6.5     Defendant H.E.L.P.USA, INC. promulgated these policies and procedures, and made these representations, in such a manner as to manifest its willingness to enter into a bargain with its employees, including plaintiff JOSE CRUZ.

6.6     JOSE CRUZ assented to defendant H.E.L.P.USA, INC.'s offer regarding the employment policies and procedures by accepting employment and via oral representations in such a way as to conclude the bargain.

6.7     JOSE CRUZ' initial and/or continued employment with defendant H.E.L.P.USA, INC. constituted acceptance of and consideration for defendant's offer.

6.8     Defendant H.E.L.P.USA, INC. breached its contract with JOSE CRUZ by its failure to follow its own practices, policies and procedures with regard to the terms and conditions of plaintiff's employment as set forth herein.

6.9     As set forth herein, defendant H.E.L.P.USA, INC. intentionally, willfully and/or maliciously breached its contract with plaintiff.

6.10    Moreover, defendant H.E.L.P.USA, INC. expected and/or should have reasonably expected JOSE CRUZ to rely on the aforementioned policies and procedures as a commitment by defendant H.E.L.P.USA, INC. to follow and abide by them.

6.11    At all relevant times, plaintiff JOSE CRUZ understood and reasonably relied on the aforementioned policies and procedures to his detriment and harm, both pecuniary and otherwise.

6.12    As set forth herein, defendant H.E.L.P.USA, INC. did not follow the aforementioned employment practices, policies and procedures. Specifically, plaintiff JOSE CRUZ was discriminated against because of his race and national origin and for participation in a discrimination complaint.

6.13    Substantial injustice can only be avoided by enforcing the promises made by defendant H.E.L.P.USA, INC. to plaintiff JOSE CRUZ.

6.14   Defendant H.E.L.P.USA, INC.'s breach of contract was a direct and proximate cause of the injuries, damages and harm suffered by plaintiff JOSE CRUZ and as set forth herein.

6.15   Defendant H.E.L.P.USA, INC.'s conduct was willful and wanton, and plaintiff JOSE CRUZ is entitled to punitive/exemplary damages in addition to compensatory damages and other remedies available under the common law.

## 7. THIRD CLAIM FOR RELEIF
## NEGLIGENCE

7.1   Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

7.2   Defendants owed and continue to owe a duty of care to third parties, and more particularly to their employees such as plaintiff JOSE CRUZ, to prevent their executives, managers and supervisors from acting in any way to harm employees.

7.3   Defendants had a further duty to ensure that complaints of discrimination and retaliation were properly handled and investigated in a fair, impartial and/or non-discriminatory manner.

7.4   Defendants voluntarily contracted, promised and/or agreed and thereby assumed a legal duty to ensure that complaints of discrimination and retaliation were properly handled and the investigation conducted in a fair, impartial and/or non-discriminatory manner, pursuant to its express employment policies.

7.5   Defendants breached their duty of care owed to plaintiff JOSE CRUZ by and through the following acts and/or omissions, which include but are not limited to:

7.5.1   Failing to properly and adequately train its executives and managerial employees, including the individual named defendants, to properly respond to complaints of discrimination and/or retaliation;

7.5.2   Failing to properly and adequately train its managerial employees, including the individual named defendants, to prohibit discriminatory employment practices, including discrimination based on race and/or national origin;

7.5.3   Failing to carefully and diligently supervise its employees, including the individual named defendants, to prevent them from improperly handling complaints of discrimination and/or retaliation and investigation in a non-discriminatory manner;

7.5.4   Failing to implement and/or take appropriate remedial action once it knew or should have known that its employees were mishandling complaints of discrimination and/or retaliation and/or conducting the investigation in a discriminatory manner; and

7.5.5   Failing to conduct a reasonable, proper and appropriate investigation.

7.5.6   Failing to abide by their own express and implied employment policies and procedures;

7.5.7   Failing to exercise reasonable care under the circumstances.

7.6   The above-named corporate and individual defendants conduct was a direct and proximate cause of the injuries, damages and harm suffered by plaintiff JOSE CRUZ.

7.7   Because the defendants' conduct toward plaintiff JOSE CRUZ was improperly motivated, and was intentional, willful and wanton, plaintiff JOSE CRUZ is entitled to punitive exemplary damages in addition to compensatory damages.

## 8. FOURTH CLAIM FOR RELEIF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

8.1   Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

8.2   As set forth herein, during his employment with defendant H.E.L.P.USA, INC., plaintiff JOSE CRUZ was subjected to a pattern of discrimination and misconduct in the workplace based, in whole or in part, on his race and national origin and participation in a discrimination complaint.

8.3   At all relevant times, the above-named defendants knew or should have known that plaintiff JOSE CRUZ was subjected to a pattern of discrimination and misconduct in the workplace based, in whole or in part, on his race and national origin and participation in a discrimination complaint.

8.4   Despite actual and/or constructive knowledge that plaintiff JOSE CRUZ was subjected to a pattern of discrimination and misconduct in the workplace based, in whole or in part, on his race and national origin and participation in a discrimination complaint, defendants took no curative actions.

8.5   The above-named defendants in subjecting plaintiff JOSE CRUZ to a pattern of discrimination in the workplace based, in whole or in part, on his race and national origin and participation in a discrimination complaint, acted intentionally, recklessly and/or with deliberate indifference to a substantial probability that severe emotional distress would result to plaintiff JOSE CRUZ.

8.6   The above-named defendants' actions towards JOSE CRUZ as set forth herein, are evidence of a pattern of race and/or national origin discrimination which further constitutes extreme and outrageous conduct.

8.9   The conduct of the above-named defendants was outrageous in character and extreme in degree, because said conduct was atrocious and egregious, and went beyond all possible bounds of decency and is utterly intolerable in a civilized community.

8.10   The extreme and outrageous conduct of the above-named defendants towards plaintiff JOSE CRUZ was done in a willful and wanton manner, and constituted a disregard for the rights and well-being of plaintiff JOSE CRUZ.

8.11   As a direct and proximate result of the above-named defendants' extreme and outrageous conduct, JOSE CRUZ suffered severe emotional distress.

8.12   Because the defendants' extreme and outrageous conduct toward plaintiff JOSE CRUZ was improperly motivated, and was intentional, willful and wanton, plaintiff JOSE CRUZ is entitled to punitive/exemplary damages in addition to compensatory damages.

### 9. FIFTH CLAIM FOR RELEIF
### CONSPIRACY TO DEPRIVE PERSONS OF EQUAL PROTECTION OF THE LAWS (42 U.S.C. § 1985)

9.1   Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

9.2   Defendants conspired with each other, and perhaps with others currently unknown to this plaintiff, to deprive plaintiff and others similarly situated of the equal protection of the laws and of equal privileges and immunities under the laws, as further set forth above.

9.3   The conspirators committed some acts in furtherance of the conspiracy which included implicitly and explicitly threatening plaintiff's job future when plaintiff was approached by the President/CEO of H.E.L.P. USA, INC. just before plaintiff's interview regarding another employee's discrimination complaint and told him that they would be "looking out for [him]" and that "being a team player" would lead to better opportunities for plaintiff.

9.4   As a result of the conspiracy, plaintiff JOSE CRUZ was injured by defendants in his person and property and deprived of having and exercising his rights and privileges as a citizen of the United States, as is more fully set forth herein.

### PRAYER FOR RELEIF

**WHEREFORE**, plaintiff prays that defendants be cited to appear and answer in this action, and that upon the evidence, findings of the jury and applicable law, the court enter judgment:

1.   Declaring that the corporate and individual defendants have maintained and continue to maintain a policy and practice of discrimination against Hispanics and Blacks.

2.   Directing the corporate and individual defendants by appropriate injunctive orders to eliminate such policy and practice.

3. Directing the corporate and individual defendants to take specific corrective action for the discrimination and retaliation of plaintiff in the past and protecting plaintiff from further acts of discrimination and retaliation in the future.

4. Awarding plaintiff back pay, compensatory damages and punitive damages against the corporate and individual defendants in the First, Second, Third, Fourth and Fifth Claims for Relief.

5. Determining and awarding a reasonable attorney's fee and the costs and expenses of this action to plaintiff and his counsel against the corporate and individual defendants, and providing for interim payment in the case of an appeal of the judgment by the corporate and/or individual defendants.

7. Including prejudgment and postjudgment interest as provided by law.

8. All other relief to which plaintiff shows himself entitled at law or in equity.

Respectfully submitted,

Hawthorne Law Firm, LLC.
Attorneys for Plaintiff(s)
By: Keith A. Hawthorne, Esq.
Bar Number:
594 Grand Concourse, Suite 1
Bronx, New York 10451
(718) 665-0050

## DEMAND FOR JURY

**JOSE CRUZ**, plaintiff, exercises his right under the United States Constitution and applicable statutes and rules and requests that all issues of fact in this action be determined by a jury.

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF BRONX     )

The undersigned, being duly sworn, deposes and says:

That deponent is the (plaintiff)(petitioner) in the action within; that deponent has read the foregoing and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes them to be true. Deponent further says that the source of deponent's information and the grounds of deponent's belief as to all matters not stated upon deponent's knowledge are from investigations actually made in this instant matter.

_____

Sworn to before me this
24th day of March, 2008

_____
Notary Public

KEITH A. HAWTHORNE
Notary Public, State of New York
No. 02HA6029794
Qualified in Bronx County
Commission Expires August 30, 2009

LAW OFFICES OF KEITH HAWTHORNE
594 GRAND CONCOURSE SUITE ONE
BRONX, NEW YORK 10451

# UNITED STATES DISTRICT COURT - Southern District of New York

JOSE CRUZ,

                              **Plaintiff,**

V.

H.E.L.P. USA, INC., MARIA CUOMO-COLE, LAURENCE BELINSKY, AZALIA MATOS-BONILLA, JOSEPH GALLO, FREDRICK GOODHARTZ and THOMAS MAURO,

                              **Defendants.**

## SUMMONS IN A CIVIL ACTION

**HAWTHORNE LAW FIRM, LLC.**
594 Grand Concourse, Suite One
Bronx, New York 10451
(718) 665-0050

| TO: | H.EL.P. USA, INC. | Maria Cuomo-Cole | Laurence Belinsky | Joseph Gallo |
|---|---|---|---|---|
| | 5 Hanover Sq. | 5 Hanover Sq. | 5 Hanover Sq. | 5 Hanover Sq. |
| | New York, NY | New York, NY | New York, NY | New York, NY |
| | **Azalia Matos-Bonilla** | **Fredrick Goodhartz** | **Thomas Mauro** | |
| | 5 Hanover Sq. | 5 Hanover Sq. | 5 Hanover Sq. | |
| | New York, NY | New York, NY | New York, NY | |

### *AFFIDAVIT OF SERVICE*
**STATE OF NEW YORK: COUNTY OF** _____

The undersigned, being duly sworn, says: I am not a party to the action and am over 18 years of age. I reside at Bronx, NY. On the above date I served the within **SUMMONS IN A CIVIL ACTION** appearing above at the address(es) indicated by depositing a true copy hereof enclosed in a post paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Sworn to before me this
day of            ,                   _____

Notary Public